JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gardensheds, Inc.
1729 Linvale Harbouton Road
Lambertville, NJ 08530

(b) County of Residence of First Listed Plaintiff   Hunterdon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
K & G Law LLC
602 S. Bethlehem Pike, Bldg B
Ambler, PA 19002

## DEFENDANTS
Hillbrook Collections, LLC; Amos Stoltzfus, Alison Carabasi, and Nellie Ahl

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
17 U.S.C. 101 et seq.; 15 U.S.C. 1051 et seq.
Brief description of cause:
copyright infringement and unfair competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $300,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 05/17/2018
SIGNATURE OF ATTORNEY OF RECORD  Laura A. Genovese   57,477

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1729 Linvale Harbourton Rd., Lambertville, NJ 08530

Address of Defendant: 16 Dupont Rd. Coatesville, PA 19320

Place of Accident, Incident or Transaction: this judicial district and elsewhere
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Copyright

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, LAURA A. GENOVESE, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/17/18    Laura A. Genovese    57477
                 Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/17/18    Laura A. Genovese    57477
                 Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Gardensheds, Inc.                                   :        CIVIL ACTION
                                                    :
            v.                                      :
Hillbrook Collections, LLC                          :
                        et al.                      :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      (✓)

5/17/18                      Laura A Genovese              Gardensheds, Inc.
Date                         Attorney-at-law               Attorney for

267-468-7961                                               lgenovese@kassgen.com
Telephone                    FAX Number                    E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gardensheds, Inc., | : | |
| Plaintiff, | : | CIVIL ACTION No. 18- |
| v. | : | |
| Hillbrook Collections, LLC; Amos Stoltzfus, Alison Carabasi, and Nellie Ahl | : | **DEMAND FOR JURY TRIAL** |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Gardensheds, Inc. ("Gardensheds"), brings this Complaint for copyright infringement and unfair competition against defendants, Hillbrook Collections, LLC; Amos Stoltzfus, Alison Carabasi, and Nellie Ahl (collectively "Defendants"). Gardensheds alleges as follows:

## THE PARTIES

1. Gardensheds is a New Jersey corporation with a place of business at 1729 Linvale Harbourton Road, Lambertville, NJ 08530.

2. On information and belief defendant Hillbrook Collections, LLC is a Pennsylvania limited liability company with a place of business at 419 Hillbrook Road, Bryn Mawr, PA 19010 ("Hillbrook").

3. On information and belief, defendant Amos Stoltzfus is a Pennsylvania resident with a place of business at 126 North Groffdale Road, New Holland, PA 17557 ("Stoltzfus").

4. On information and belief, defendant Alison Carabasi is a principal of Hillbrook and a Pennsylvania resident with an address of 16 Dupont Road, Coatesville, PA 19320

{00041155 1}

("Carabasi"). Carabasi is the daughter of Defendant Ahl.

5. On information and belief, defendant Nellie Ahl is a Pennsylvania resident with and address of 651 Millcross Road, Lancaster, PA 17601-5503 ("Ahl").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, and under 28 U.S.C. § 1338(a) because it arises under the Copyright Statute, 17 U.S.C. § 101 et seq. This Court has jurisdiction over the unfair competition claim pursuant to 28 U.S.C. § 1338(b).

7. Venue is proper in this jurisdiction district pursuant to 28 U.S.C. § 1391(b)(1) because at least one of the Defendants resides in this judicial district and all Defendants are residents of Pennsylvania.

8. Venue is proper in this jurisdiction district pursuant to 28 U.S.C. § 1391(b)(2) because the harm caused by plaintiff has been suffered in this district, and because the infringing products are available for sale in this district.

9. Defendants, and each of them, transact business in the Commonwealth of Pennsylvania.

10. Defendants ship products (including products that infringe Gardensheds's copyrights) into Pennsylvania, including into this judicial district.

11. Defendants realize pecuniary gain by their sales of products (including products that infringe Gardensheds's copyrights) in this judicial district.

## BACKGROUND FACTS

12. In January, 2007 Plaintiff Gardensheds purchased the assets of Gardensheds, Inc., a Pennsylvania corporation (hereinafter "Gardensheds – PA"), from President and Shareholder

Ahl. Plaintiff Gardensheds acquired all copyrights and other intellectual property by means of this acquisition.

13. Ahl assigned the following U.S. copyright registrations to Gardensheds, and Gardensheds is now the sole owner of these rights. Information concerning each copyright is attached as Exhibit A; a copy of the assignment of rights to Plaintiff is attached as Exhibit B.

| Title of Registered Work | Registration No. | Effective Date of Registration |
|---|---|---|
| Gardensheds | VAu 557-056 | December 31, 2001 |
| Design A | VAu 321-753 | July 15, 1994 |
| Design B | VAu 321-752 | July 15, 1994 |
| Design C | VAu 321-751 | July 15, 1994 |
| Design D | VAu 321-750 | July 15, 1994 |
| Design E (Potting Shed) | VA 1-166-516 | December 31, 2001 |
| Design F (Greenhouse) | VA 1-166-515 | December 31, 2001 |
| Design G (Williamsburg) | VA 1-166-514 | December 31, 2001 |
| Design A | VAu 559-512 | September 10, 2002 |
| Design B | VAu 559-511 | September 10, 2002 |
| Design C | VAu 559-510 | September 10, 2002 |
| Design D | VAu 587-249 | September 10, 2002 |
| Design E (Potting Shed) | VA 1-163-207 | September 10, 2002 |
| Design F (Greenhouse) | VA 1-163-206 | September 10, 2002 |
| Design G (Williamsburg) | VA 1-163-205 | September 10, 2002 |
| Design H (Gardenbell) | VAu 589-846 | January 27, 2003 |

These works shall be referred to collectively as the "Copyrighted Works."

14. In or about 2013, Carabasi revived the garden house business of her mother, Defendant Ahl. See Dovecote Décor article dated November 18, 2013, "Hillbrook Collections Bespoke Garden Houses Delivered to Your Home," attached hereto as Exhibit C.

15. Carabasi and Hillbrook began selling a garden house design called "The Sara," which is a copy of Gardensheds' Gardenbell Design, subject of U.S. Copyright Registration VAu 589,846 (hereinafter "Gardenbell"). Orders may still be placed for the infringing "The Sara" design on Hillbrook's website. See Exhibit D.

16. Hillbrook uses "The Sara" to advertise and promote its business through various social media channels, including, but not limited to Pinterest, Instagram, Houzz, The Scout, and various design and garden blogs. For example, an image of "The Sara" serves as Hillbook's Facebook profile picture. See Exhibit E, downloaded on May 17, 2018.

17. Hillbrook has promoted "The Sara" in *House Beautiful* (Exhibit F) and *Virginia House and Garden* (Exhibit G).

18. On information and belief, Defendant Stoltzfus manufactures "The Sara" for Hillbrook and Carabasi.

19. On information and belief, Ahl supplied the design for "The Sara" to Carabasi and Hillbrook.

20. On information and belief, Ahl collaborates with Carabasi and Hillbrook in designing garden houses for sale.

## COUNT ONE - COPYRIGHT INFRINGEMENT

21. Gardensheds repeats and incorporates the averments of the preceding paragraphs of the Complaint as though the same were fully set forth herein.

22. The Copyright Registration for Gardensheds' "Gardenbell" architectural work is valid and subsisting.

23. The "Gardenbell" is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated.

24. Defendants had access to the "Gardenbell" copyrighted work.

25. Defendants have reproduced and distributed, and, on information and belief, continue to reproduce and distribute, products incorporating the "Gardenbell", or substantially similar copies of the "Gardenbell".

26. On information and belief, products copying the "Gardenbell" have been distributed by Defendants.

27. Defendants have infringed Gardensheds' copyrights by reproducing the "Gardenbell", by preparing derivative works, and by distributing copies without license, permission or privilege to do so.

28. Defendants' copying and distribution of the "Gardenbell" copyrighted work is willful and deliberate.

29. Defendants' infringement of the "Gardenbell" copyrighted work has caused and will continue to cause harm to Gardensheds.

30. Defendants' copyright infringement and the threat of continuing and future infringement have caused, and will continue to cause, repeated and irreparable injuries to Gardensheds.

31. Gardensheds' remedies at law are not adequate to compensate for the injuries caused by Defendants' infringements. Therefore, Gardensheds requires an injunction prohibiting Defendants, their agents, employees, and other persons acting in conspiracy, concert or participation with Defendant from infringing, in any manner, Gardensheds's Copyrighted Works, and from inducing, aiding, causing, or contributing to such infringements by others, in violation of 17 U.S.C. § 101 *et seq*.

32. As a direct and proximate result of Defendants' infringement of Gardensheds's copyrights, Gardensheds has also suffered certain monetary damages, in an amount yet to be determined.

33. Gardensheds is entitled to recover from Defendants such actual damages as it can prove and all of Defendants' profits gained by infringement, in accordance with 17 U.S.C.

§ 504(b).

34.  Gardensheds is alternatively entitled to statutory damages in the amount of $150,000 for each Copyrighted Work Defendants have infringed, in accordance with 17 U.S.C. § 504(c).

## COUNT TWO - FEDERAL UNFAIR COMPETITION
### (Defendants Hillbrook and Carabasi)

35.  Gardensheds repeats and incorporates the averments of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

36.  By offering for sale products that copy Gardensheds' proprietary "Gardenbell" design under the name of Hillbrook Collections, Hillbrook and Carabasi are likely causing confusion, mistake, or deception as to the affiliation, connection, or association between Gardensheds and Defendants Hillbrook and Carabasi, and are also likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the products sold by Hillbrook and Carabasi.

37.  By using the infringing design "The Sara" to promote Hillbrook's brand and products, Hillbrook and Carabasi are likely causing confusion, mistake, or deception as to the affiliation, connection, or association between Gardensheds and Defendants Hillbrook and Carabasi, and are also likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the products sold by Hillbrook and Carabasi.

38.  Defendants' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1025(a).

39.  Defendants' willful and wrongful conduct has proximately caused and will continue to cause Gardensheds substantial injury to its reputation and goodwill and diminution of the value of its business. The amount of damage sustained by Gardensheds has not yet been

determined.

## DAMAGES AND RELIEF

WHEREFORE, Gardensheds prays for relief as follows:

A. That Hillbrook, its officers, directors, shareholders, principals, agents, servants, employees, attorneys and related companies, Carabasi, Ahl, and Stoltzfus, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from using Gardensheds's Copyrighted Works, including the "Gardenbell" design, as well as any works substantially similar thereto.

B. That this Court award Gardensheds damages adequate to compensate it for Defendants' acts of copyright infringement and unfair competition.

C. That Gardensheds be awarded statutory damages, or its actual damages and lost profits.

D. That Defendants be required to account for any profits attributable to their infringing acts.

E. That Gardensheds be awarded the greater of three times Defendants' profits or three times any damages sustained by Gardensheds and prejudgment interest.

F. That all products bearing Gardensheds's Copyrighted Works in Defendants' possession, custody or control be delivered up by Defendants to Gardensheds.

G. That Defendants be required to pay Gardensheds's costs of this action together with reasonable attorneys' fees and disbursements.

H. That Gardensheds be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Gardensheds hereby demands a trial by jury on all issues so triable.

Date: May 17, 2018

*Laura A. Genovese*
Laura A. Genovese (57,477)
K & G Law LLC
602 S. Bethlehem Pike, Bldg. B
Ambler, PA 19002
(267) 468-7961
lgenovese@kassgen.com

Exhibit A

Case 2:18-cv-02087-WB   Document 1   Filed 05/18/18   Page 12 of 13

{00013138 1}

ASSIGNMENT OF COPYRIGHTS AND INTELLECTUAL PROPERTY

THIS ASSIGNMENT OF COPYRIGHTS AND INTELLECTUAL PROPERTY(this "Assignment") is dated the 15th day of January, 2007 by and between Gardensheds, Inc., a New Jersey corporation ("Assignee") and Gardensheds, Inc., a Pennsylvania corporation ("Assignor").

WITNESSETH:

WHEREAS, Assignor has secured certain copyrights as detailed on Schedule "A" attached hereto and made part hereof ("Copyrights"); and

WHEREAS, Assignor desires to assign all of the Copyrights and all other intellectual property rights of Assignor to Assignee.

NOW, THEREFORE, for one ($1.00) dollar and other good and valuable consideration, the receipt and adequacy of which are hereby expressly acknowledged, the parties hereby agree as follows:

1. ASSIGNMENT. Assignor hereby assigns to Assignee, effective the date hereof (the "Effective Date") all right, title and interest in and to the Copyrights set forth on Schedule 1(c) attached hereto and made a part hereof, together with all other related intellectual property rights of Assignor and the registrations therefor throughout the United States, together with the goodwill of the business in connection with which the said copyrights and intellectual property rights are used and which are symbolized by the said copyrights, along with the right to recover for damages and profits for past infringements thereof.

2. Assignor agrees to execute and deliver at the request of the assignee, all papers, instruments and assignments, and to perform any other reasonable acts the Assignee may require in order to vest all right, title, and interest in and to the said copyrights in the Assignee and/or to provide evidence to support any of the foregoing in the event such evidence is deemed necessary by the Assignee.

3. ENTIRE AGREEMENT. This Assignment embodies the entire agreement of the Assignor and Assignee with respect to the subject matter of this Assignment, and it supersedes any prior agreements, whether written or oral, with respect to the subject matter of this Assignment. There are no agreements or understandings which are not set forth in this Assignment. This Assignment may be modified only by a written instrument duly executed by Assignor and Assignee.

4. BINDING EFFECT. The terms and provisions of this Assignment will inure to the benefit of, and will be binding upon, the successors, assigns, personal representatives, heirs, devisees, and legatees of the Assignor and the Assignee.

5. GOVERNING LAW. This Assignment shall be construed in accordance with the laws of the